Yuritzi Yazmin **ROSALES SALTO**, Petitioner,

v.

Eric H. **HOLDER** Jr., Attorney General, Respondent.

No. 07–72519.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Yuritzi Yazmin Rosales Salto, Anaheim, CA, for Petitioner.

Richard M. Evans, Esquire, Assistant Director, Brooke Maurer, Trial, Oil, Andrea Gevas, Stacy Stiffel Paddack, DOJ–U.S. Department of Justice, Washington,

DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, TASHIMA, and TROTT, Circuit Judges.

MEMORANDUM **

Yuritzi Yazmin Rosales Salto, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The BIA did not abuse its discretion in denying Rosales Salto's motion to reopen because she failed to state any new facts or present any new evidence to demonstrate the requisite physical presence. *See* 8 C.F.R. § 1003.2(c)(1) (providing that a motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material."). Further, Rosales Salto did not demonstrate prima facie eligibility for adjustment of status pursuant to 8 U.S.C. § 1255(i) because her I–130 petition was filed after April 30, 2001. *See* 8 C.F.R. § 1245.10(a)(1)(i); *see also Mendez–Gutierrez v. Ashcroft*, 340 F.3d 865, 869–70 (9th Cir.2003) ("[P]rima facie eligibility for the relief sought is a prerequisite for the granting of a motion to reopen.").

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We do not consider Rosales Salto's contention regarding hardship, because her failure to establish continuous physical presence is dispositive. *See* 8 U.S.C. § 1229b(b)(1)(A).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.